■ PAT F. NESCI, Respondent, v WILLIAM J. CANARY, JR., et al., Respondents, and DOROTHY M. LONG, Appellant.—In a proceeding to validate a petition designating Pat Frank Nesci as a candidate in the Republican Party primary election to be held on September 10, 1985 for the party position of member of the Republican County Committee for the 16th Election

District, Town of Southampton, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated August 15, 1985, which granted the application.

Judgment affirmed, without costs or disbursements.

We are not persuaded by appellant's contention that the instant validation proceeding was untimely. Since the Board of Elections was late in notifying petitioner Nesci of the invalidation of his petition, the service by mail, as provided for in the order to show cause, was satisfactory under the circumstances herein (*see, Matter of Pell v Coveney,* 37 NY2d 494; *Matter of Carr v New York State Bd. of Elections,* 104 AD2d 577; *Matter of Gartner v Salerno,* 74 AD2d 958, *lv denied* 49 NY2d 704). We further reject appellant's contention that petitioner Nesci is ineligible to serve in the office he seeks because his voter registration should be deemed to have been canceled when he changed his residence (*see,* Election Law § 5-400 [2]). The procedure in the Election Law for canceling a voter's registration specifically provides that no such cancellation may occur until after the Board of Elections notifies the voter of its intention to cancel and gives him an opportunity to be heard on the matter (Election Law § 5-402 [2]). Since this procedure was not utilized in the present case, no cancellation of petitioner Nesci's voter registration occurred (*see, Matter of Amer v Previte,* 51 AD2d 949; *Matter of Gigante v Board of Elections,* 63 Misc 2d 290). Mollen, P. J., Mangano, Thompson, Rubin and Lawrence, JJ., concur.