■ In the Matter of VELMANETTE MONTGOMERY, Appellant, v ANNA V. JEFFERSON et al., Respondents—In a proceeding to invalidate a petition designating Anna V. Jefferson as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of New York State Senator from the 22nd Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated August 6, 1986, which denied the application.

Judgment affirmed, without costs or disbursements.

On July 8, 1986, Jefferson filed what was labeled on the cover sheet to be volume one of three volumes of the designating petition. The cover sheet correctly stated the number of pages and signatures contained in that volume, but left blank the number of pages and signatures contained in the entire petition. Two days later, on July 10, 1986, Jefferson timely filed volumes two and three of the petition, which contained cover sheets that accurately stated the number of signatures and pages in each respective volume, as well as the number of

signatures and pages in the entire petition. At the same time, she filed an additional cover sheet for volume one, which listed the proper number of pages and signatures for both that volume and the entire petition, as required by Election Law § 6-134 (2). Montgomery, in challenging the validity of the petition, argued that the Election Law did not provide that a candidate be allowed to submit an additional cover sheet, which, although timely filed, was not submitted at the same time as one of the volumes to which it was applicable.

The Supreme Court, Kings County, rejected the claim that the petition was not validly filed. We affirm for reasons other than those set forth by the Supreme Court, Kings County.

There is no provision of the Election Law which would prohibit a candidate from filing an additional cover sheet to a petition. A candidate has the right to file an additional cover sheet, provided that such cover sheet is filed with the Board of Elections within the time limitations set forth for the filing of petitions. In this case, the additional cover sheet submitted by Jefferson was timely, and correctly reflected the posture of the three volumes of the petition as they were filed. The number of pages and signatures contained in the volume, as well as in the entire petition, were accurately stated, and fully complied with the requirements of the Election Law. Accordingly, the petition is valid, and the judgment appealed from is affirmed. Bracken, J. P., Niehoff, Eiber and Spatt, JJ., concur.