■ In the Matter of THADDEUS S. GORYCKI, Appellant, v

STEVEN GREENBERG et al., Respondents.—In a proceeding to invalidate a petition designating Steven B. Greenberg as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of Member of the New York State Assembly from the 25th Assembly District, the appeal is from a judgment of the Supreme Court, Queens County (Posner, J.), dated August 8, 1986, which denied the application.

Judgment reversed, on the law, without costs or disbursements, application granted, and the Board of Elections of the City of New York is directed to remove the respondent Greenberg's name from the appropriate ballot.

This appeal is from a judgment which denied, after a hearing, the application of the petitioner Thaddeus S. Gorycki to invalidate and remove the respondent Steven B. Greenberg's name from the ballot on the ground that he is not a registered voter in New York.

In October 1982 Greenberg registered to vote in Queens where he resided with his parents. Thereafter, in the fall of 1984, Greenberg enrolled in a graduate program at Stanford University in California. According to Greenberg, he wrote to the Board of Elections of the City of New York in Queens requesting an absentee ballot but never received one. As a result, he registered to vote in California. On the California registration form he failed to answer the question which asked him to list his latest known registration. Greenberg voted in California in the 1984 presidential election. He testified that he came back to New York to visit in December 1984 or January 1985, went to the office of the Board of Elections of the City of New York in Queens, and informed an official there that he had registered and voted in California and wanted to reregister in New York. According to Greenberg, the official advised him that he was still registered and therefore there was no need for him to reregister.

On or about July 8, 1986, Greenberg submitted his designating petition to run as a candidate for Member of the New York State Assembly from the 25th Assembly District.

It is axiomatic that a person may not be registered to vote in two different places because of the residency requirement for voter registration. Therefore, pursuant to Election Law §§ 5-400 and 5-402, New York State will cancel a voter's registration when it receives notice that his residency has been permanently changed (see, Matter of Roosevelt v Power, 8 NY2d 869). In fact, a board of elections' official testified that if

the respondent Greenberg had filled in the box on the California registration form indicating that he was registered to vote in New York, California would have sent this form to the board of elections and Greenberg's New York registration would have been canceled.

We find that when Greenberg registered to vote in California his New York registration was canceled by operation of law (see, Election Law §§ 5-400, 5-402).

His act of failing to check the box on the California registration form with respect to his New York registration prevented California from notifying New York to cancel that registration. He cannot now be permitted to benefit from his failure to do so. We do not find Greenberg's claim of a subsequent hearsay conversation with an unknown board of elections official that he was in fact registered to vote in New York sufficient to overcome the fact that his registration had been canceled.

The designating petition of a candidate in a primary election is valid only if the candidate is a duly enrolled member of the party whose nomination he seeks (Election Law § 6-120 [1]), and enrollment in a party is based on valid registration (see, Matter of Roosevelt v Power, supra). Here, since Greenberg was not a registered New York voter at the time his designating petition was submitted, the petition is invalid. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.