THIRD DEPARTMENT, AUGUST, 1988

(August 25, 1988)

■ In the Matter of ELIOT L. ENGEL, Appellant, v BOARD OF ELECTIONS OF THE STATE OF NEW YORK et al., Respondents. (And Two Other Related Proceedings.)—Per Curiam. Appeal from a judgment of the Supreme Court (Doran, J.), entered August 11, 1988 in Albany County, which dismissed petitioners' applications, in three proceedings pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Mario Biaggi as the Democratic Party candidate for the office of Member of Congress for the 19th Congressional District in the September 15, 1988 primary election.

On July 11, 1988, a designating petition was filed with respondent State Board of Elections naming respondent Mario Biaggi as a Democratic Party candidate in that party's primary for the office of Member of Congress for the 19th Congressional District. At the time of the filing, Biaggi stood convicted of a felony in the United States District Court for the Eastern District of New York and had been sentenced to a term of imprisonment of 2½ years.

The petition was bound in three separate volumes. Although it is not clear whether the petition was brought into the Board's office before or after 5:00 P.M. on July 11, 1988, the three volumes were time-stamped 5:06 P.M., 5:07 P.M. and 5:07 P.M., respectively. The following day, the same person who initially filed the petition returned to the Board's office and asked to have the petition returned to him so it could be refiled. The three volumes were handed over and were immediately handed back to a Board employee, who then time-stamped them 3:45 P.M., 3:45 P.M. and 3:46 P.M., respectively.

Thereafter, objections and specifications to the petition were filed. After a hearing, the Board determined that the petition was valid. Petitioners then commenced three special proceedings pursuant to Election Law § 16-102 against the Board and Biaggi seeking to invalidate the petition. Supreme Court held a hearing at which no testimony was taken and the parties stipulated to the facts previously stated. Biaggi's attorney did

appear, however, stating that Biaggi did not oppose the relief requested by petitioners and requesting that Biaggi be stricken from the ballot.* Matters then proceeded with only the Board opposing the requested relief. Supreme Court upheld the validity of the designating petition and this appeal by petitioners ensued.

We turn first to petitioners' argument that the designating petition was invalid because at the time it was filed, Biaggi was not properly registered and enrolled in the Democratic Party due to his felony conviction (see, Election Law § 6-120 [2]). This argument is premised on Election Law § 5-106 (3) which states in relevant part that: "No person who has been convicted in a federal court, of a felony, or a crime or offense which would constitute a felony under the laws of this state, shall have the right to register for or vote at any election". Petitioners claim that as a result of this statute, Biaggi's registration and enrollment as a voter were null and void as of the date of his sentence.

In our view, however, the Board was correct in its assertion that affirmative steps are required before a voter's registration may be canceled. The Election Law sets forth the procedure for cancellation of a voter's registration and specifically provides that no such cancellation may occur until the voter is notified by the Board of its intention to cancel and given an opportunity to be heard (Election Law § 5-402 [2]). Cancellation is therefore not automatic. Here, since this procedure had not been followed at the time the petition was filed, no cancellation of Biaggi's registration occurred and thus the designating petition was not invalid for that reason (see, Nesci v Canary, 112 AD2d 1056, 1057, lv denied 65 NY2d 607; 49 NY Jur 2d, Elections, § 105, at 533). This conclusion is buttressed by the fact that disenfranchisement is a drastic punishment which should not be imposed without affording a voter his right to due process. Given the failure to employ the required procedure to cancel Biaggi's registration, it is unnecessary to consider whether petitioners' challenge to the registration has merit.

We turn next to petitioners' contention that the filing on July 11, 1988 was not timely. Election Law § 1-106 (1) requires a designating petition to be filed between 9:00 A.M. and 5:00 P.M. The failure to do so is a "fatal defect" (Election Law § 1-

* It appears that Biaggi's name has not been stricken from the ballot and that he never formally declined the designation (see, Election Law § 6-146 [1]; § 6-158 [2]).

106 [2]). Supreme Court agreed with this contention and specifically found that the initial filing was not timely. Given that the record does not include the minutes of the hearing before the Board and the fact that Supreme Court did not hear testimony, we have no basis to disturb the court's finding regarding the July 11, 1988 filing.

However, even if it is accepted that the initial filing was untimely, we agree with Supreme Court's determination that the refiling the next day was effective. It is true, as petitioners note, that the petition was actually "filed" when it was first received on July 11, 1988 regardless of whether it was timely or untimely *(see, Matter of Rutherford v Jones,* 128 AD2d 978, 979, *lv denied* 69 NY2d 606). However, we reject petitioners' claim that since the petition never left the Board's custody, it could not be refiled without a court order. Election Law § 3-220 (6-a) specifically states that once a petition is filed it: "shall [not] be removed from the office of the board of elections for copying or any other purpose *except while in the custody, or under the supervision of a member or employee of such board* or pursuant to court order" (emphasis supplied).

Here, the parties do not dispute that the petition remained in the Board's custody and control; therefore, it is clear that no court order was required *(see also, Matter of Orange v Cohen,* 268 NY 481 [new affidavits to petition refiled to replace original defective affidavits held to be a valid refiling of affidavits and petition]; *Matter of Montgomery v Jefferson,* 122 AD2d 907, *lv denied* 68 NY2d 605 [new cover sheet to petition refiled to replace original incorrect cover sheet held to be valid]).

Petitioners' claims of prejudice are also without merit. The refiling of the petition occurred well within the time period in which the petition was required to be filed. It remained in the custody and under the supervision of the Board and there was no evidence of tampering. It is also unclear how an opponent filing objections could be prejudiced since a refiling actually gives an opponent more time to file objections.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.