**Christine COX and David T. Cox, Plaintiffs,**

v.

**COMMISSIONERS OF ELECTION OF DELAWARE COUNTY (NEW YORK) and Delaware County Board of Elections, Defendants.**

No. 95–CV–952.

United States District Court, N.D. New York.

Oct. 2, 1995.

Herbert Jordan, Jordan & Walster, Montgomery Hollow, Roxbury, New York, for Plaintiffs.

Frank W. Miller, Coughlin & Gerhart, Binghamton, New York, for Defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

On September 5, 1995, at Christine and David Cox's request, this Court issued an order to show cause against the Commissioners of Elections of Delaware County and the Delaware County Board of Elections. The order required them to show cause why the Court should not enter a preliminary injunction against them, or, in the alternative, why this Court should deny plaintiffs' motion for summary judgment. Plaintiffs' complaint alleged that defendants had cancelled their voter registrations in violation of the Due Process Clause of the Fourteenth Amendment. Defendants responded to the order to show cause and now move for dismissal of plaintiffs' claim pursuant to Fed.R.Civ.Pro. 12(b)(6) or Fed.R.Civ.Pro. 56.

## I. Background

On October 13, 1994, defendants notified the Coxes that their voters' registration had been challenged by an affidavit alleging that they did not reside in Delaware County. The letter informed the Coxes that they had fourteen days to supply defendants with reasons why their registrations should not be cancelled, and that they could supply such reasons in an appearance before defendants or in writing.

Within the prescribed time, the Coxes supplied defendants with written reasons for maintaining their registrations, as well as supporting documents. In a letter to the Coxes dated January 9, 1995, defendants notified them of defendants' decision to cancel their registrations "upon review of a report from the Delaware County Sheriff's Office and a " 'discussion' " with a town constable. Ps' Compl. ¶ 9. Plaintiffs allege that they phoned defendants four times, beginning on January 21, to request a meeting with defendants for the purpose of reviewing their residency determination, but that defendants failed to respond. On January 30, defendants sent another letter to the Coxes, informing them that their fourteen days for demanding a reconsideration of defendants' determination had expired. Ps' Ex. 4. Defendants allegedly "refused to supply" the Coxes with copies of any of the reports that formed the basis of their decision. Ps' Compl. ¶ 11.

Plaintiffs argue that defendants denied them of their procedural due process rights by cancelling their registrations "on the basis of undisclosed hearsay allegations, without affording them an opportunity to respond thereto." Ps' Memo. 7. They challenge only the constitutionality of defendants' procedures, not the constitutionality of the New York Election law pursuant to which defendants are obligated to act.

Because defendants cancelled the Coxes' voters' registrations, the Coxes were allegedly unable to vote in a Delaware County election. Plaintiffs assert that unless defendants reinstate their voter registrations immediately, they will lose their right to vote on an October 11 school district referendum and in the November 7 local elections.

## II. DISCUSSION

### A. Legal Standard

■ Defendants move pursuant to Fed.R.Civ.Pro 12(b)(6) to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. For purposes of the 12(b)(6) motion, the Court construes the complaint in the light most favorable to plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court will only grant the motion "if it appears beyond doubt that [plaintiffs] can prove no set of facts in support of [their]

claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## B. School District Referendum

■ As defendants correctly point out, their cancellation of plaintiffs' voter registrations has no legal effect on plaintiffs' eligibility to vote in Roxbury Central School District elections. Section 2012 of New York's Education Law furnishes the requirements for voting in school district elections: one must be a citizen of the United States, at least eighteen years old, a resident of the school district for at least thirty days before the election, and "qualified to register for or vote at an election in accordance with the provisions of section 5–106 of the election law."

Election Law § 5–106 provides six grounds for disqualification, none of which concern residency. Therefore, defendants' determination that plaintiffs are not residents of Delaware County and their subsequent cancellation of plaintiffs' voter registrations has no legal effect on plaintiffs' right to vote on the October 11 school district referendum. If the plaintiffs have a valid complaint against Roxbury School District, they should take it up with that body; they have no cause of action against the defendants in this case if the School Board denied them their right to vote in violation of the Due Process Clause.

## C. Local Elections

■ Plaintiffs have also failed to state a claim against defendants for denying them the right to vote in local elections without providing them due process of law. Every document in the record supports defendants' contention that they reached their determination—that the Coxes were not residents of Delaware County—in accordance with New York law. But plaintiffs do not challenge New York election law on due process grounds; they only challenge defendants' conduct as violative of due process. There are several reason for rejecting plaintiffs' arguments.

■ First, under the New York courts' interpretation of New York election law, plaintiffs received a constitutionally-adequate opportunity to be heard. Section 5–402[2] of the Election Law instructs boards of elections that before they cancel a voter's registration, they must notify the voter of his right to state the reasons why his registration should not be cancelled, either in an appearance before the board or in writing. In *Engel v. Board of Elections of New York*, 143 A.D.2d 291, 531 N.Y.S.2d 931, 933, *appeal denied*, 72 N.Y.2d 805, 532 N.Y.S.2d 846, 529 N.E.2d 176 (1988), the court characterized this provision of the statute as providing voters their due process right to an opportunity to be heard. Defendants gave plaintiffs the requisite notice and opportunity to be heard, to which plaintiffs responded.

■ Second, despite the fact that defendants wrote to the Coxes two weeks after cancelling their registrations and told them that their opportunity to contest that determination had expired, nothing in the election laws gives voters whose registrations have been cancelled the right to demand that the election board reconsider its determination. It follows that the Coxes had no right to be given notice to this effect. It also follows that when the Coxes asked defendants on January 21st to convene a meeting for the purpose of reconsidering their determination, defendants had no legal obligation to respond.

■ Third, § 5–210 of the Election Law permits boards of election to base their residency determinations on "an affidavit or a signed statement by any officer or employee of the state or county board of elections or any police officer, sheriff or deputy sheriff" which states that he visited the relevant premises, spoke to a relevant person, and was informed by that person that the voter does not reside on those premises. The same section permits, but does not require, election boards to make other inquiries.

It appears from the record that defendants based their determination of the Coxes' non-residency on substantially more evidence than a sheriff's report. Plaintiffs nowhere allege that defendants relied upon statutorily impermissible factors in reaching their conclusion. Nothing in the election laws suggests that voters whose residency is chal-

lenged have the right to inspect copies of, or respond to, any of the materials election boards consider when determining whether to cancel a voter's registration.

■ Construing plaintiffs' complaint in the light most favorable to them, it appears to the Court beyond doubt that plaintiffs are unable to prove a set of facts in support of their claim which would entitle them to relief. Therefore,

Plaintiffs' request for a preliminary injunction is DENIED.

Plaintiffs' motion for summary judgment is DENIED. .

Defendants' motion to dismiss for failure to state a claim is GRANTED.

IT IS SO ORDERED.