(August 21, 1996)

■ In the Matter of ELINORE MANDELL et al., Appellants, v BOARD OF ELECTIONS, Respondent, and FERNE J. GOLDSTEIN, Respondent. (Proceeding No. 1.) In the Matter of FERNE J. GOLDSTEIN, Respondent, v SALVATORE ZUNNO et al., Appellants, et al., Respondent. (Proceeding No. 2.) [646 NYS2d 387] —In related proceedings to validate and invalidate a petition designating Ferne J. Goldstein as a candidate in a primary election to be held on September 10, 1996, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Surrogate's Court, Kings County, the appeals are from (1) a decision of the Supreme Court, Kings County (Garry, J.), dated July 30, 1996, and (2) a judgment of the same court, dated August 8, 1996, which dismissed the application to invalidate and granted the application to validate.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting therefrom the provision granting the application to validate; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Board of Elections in the City of New York for further proceedings consistent herewith.

On July 11, 1996, Ferne J. Goldstein filed the last four volumes of her five-volume petition designating her as a candidate for the Democratic Party nomination for Judge of the Surrogate's Court, Kings County. On July 15, 1996 (July 14, 1996, was a Sunday) the objectors Salvatore Zunno and Elinore Mandell filed objections to the designating petition. On July 22, 1996 (July 21, 1996, was a Sunday) the objectors filed specifications with the Board of Elections and served Goldstein by mail. On July 29, 1996, the Board of Elections dismissed the objections as untimely. On August 2, 1996, the Board of Elec-

tions denied the objectors' application to reopen the determination dismissing the objections.

The Supreme Court erred in not considering whether the objections were timely. This issue was properly before the Supreme Court because it was raised in the objectors' answer to the application to validate. Furthermore, we find that the objections were timely. Election Law § 6-154 (2) provides that written objections to any designating petition shall be filed with the Board of Elections within three days after the filing of the designating petition and that written specifications shall be filed with the Board of Elections within six days thereafter. Here, the record demonstrates that the objections and specifications to the designating petition were filed within the allotted time (see, Matter of Montgomery v Jefferson, 122 AD2d 907). Therefore, the Board of Elections erred in dismissing the objections as untimely. Accordingly, the matter is remitted to the Board of Elections to render a determination on the merits of the objections.

The appellants' remaining contentions are either without merit or do not require reversal. Santucci, J. P., Hart, McGinity and Luciano, JJ., concur.