In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Debra Ortutay and Michael Ortutay as candidates in a primary election to be held on September 14, 2010, for the Independence Party positions of Female Member and Male Member of the Independence Party State Committee from the 94th Assembly District, respectively, Debra Ortutay and Michael Ortutay appeal from a final order of the Supreme Court, Rockland County (Giacomo, J.), dated *652 August 11, 2010, which granted the petition and invalidated the designating petition.
Ordered that the final order is reversed, on the law, without costs or disbursements, the petition to invalidate is denied, the proceeding is dismissed, and the Rockland County Board of Elections is directed to place the names of Debra Ortutay and Michael Ortutay on the appropriate ballot.
The respondents Debra Ortutay and Michael Ortutay circulated designating petitions designating them as candidates for the Independence Party positions of Female Member and Male Member of the Independence Party State Committee from the 94th Assembly District, respectively. Debra Ortutay was also a subscribing witness of the designating petition.
As of 2009 Debra Ortutay was registered to vote in Kings County, but chose not to enroll in a party. She last voted in Kings County in November 2009. In February 2010 she moved to Rockland County. In June 2010 she submitted a voter registration application form to the Rockland County Board of Elections indicating, among other things, her intention to enroll in the Independence Party.
“At the time a voter is registered or completes an application for registration he [or she] may mark his [or her] party enrollment within the circle or box underneath or next to the party of his [or her] election on the application form” (Election Law § 5-300). “Before placing the registration poll record in the poll ledger, the [appropriate] board [of elections] shall enter . . . the name of the party designated by the voter on his [or her] application form” (Election Law § 5-302 [1]). However, “[i]f the application form is for . . . a voter who has previously registered and not enrolled, then the board of elections shall compare the information and the signature appearing on each application form received with that on the registration poll record of the applicant and if found to correspond in all particulars shall, not earlier than the Tuesday following the next general election . . . proceed ... to enter such enrollment on such voter’s registration poll card” (Election Law § 5-302 [2]; see Election Law § 5-208 [4]; § 5-304 [2]).
When Debra Ortutay changed her residence from Kings County to Rockland County, and registered to vote in Rockland County, she moved outside of the city in which she was registered, and was no longer eligible to vote in Kings County {see Election Law § 5-400 [1] [a]; see generally Election Law § 5-204; accord Election Law § 5-210 [5] [a] [indicating that voters currently registered in a particular city or county need not “reregister” unless they have “moved outside of the city or county in which they were registered”]).
*653 Contrary to the petitioners’ contention, the reference to “previously registered” voters, as used in Election Law § 5-302 (2), is to voters who are already registered to vote with the same county or city board of elections that is considering the application (see Election Law § 5-208 [4] [if an application from a voter “already registered in such county or city also reflects a change of enrollment, the board of elections shall treat such application as an application for change of enrollment”] [emphasis added]). Under the Election Law, Debra Ortutay’s registration in Rockland County must be deemed a new registration or reregistration, rather than a transfer of registration under Election Law § 5-208 and, thus, is not subject to the waiting period imposed on changes of enrollment pursuant to Election Law § 5-302 (2) and § 5-304 (cf Election Law § 5-208 [4]). Since Debra Ortutay was not “previously registered” in Rockland County, she was properly enrolled in the Independence Party as of the date she registered to vote in Rockland County, even if her registration in Kings County had not yet been formally cancelled pursuant to Election Law § 5-402 (see Matter of Gorycki v Greenberg, 122 AD2d 913, 914-915 [1986]; see generally Matter of Grancio v Coveney, 60 NY2d 608, 611 [1983]; cf. Matter of Rosado v Board of Elections of City of N.Y., 218 AD2d 584 [1995]; Matter of Engel v Board of Elections of State of N.Y., 143 AD2d 291, 292 [1988]; Nesci v Canary, 112 AD2d 1056, 1057 [1985]).
As an enrolled member of the Independence Party, Debra Ortutay was eligible to be a candidate for an Independence Party position, as well as a subscribing witness on the designating petition designating both Michael Ortutay and her as candidates. Accordingly, the Supreme Court erred in granting the petition and invalidating the designating petition.
The petitioners’ remaining contentions are without merit. Skelos, J.P, Covello, Balkin, Austin and Sgroi, JJ., concur.