# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

378

CA 11-02445

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

PATRICIA CURTO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ZITTEL'S DAIRY FARM, JOHN ZITTEL, SANDY
ZITTEL, THOMAS DEXTER AND JEFFREY GASPER,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

PATRICIA CURTO, PLAINTIFF-APPELLANT PRO SE.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered March 8, 2011. The order denied the motion of plaintiff for recusal.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: These four consolidated pro se appeals arise from an action seeking damages for, inter alia, employment discrimination. In appeal No. 1, plaintiff appeals from an order denying her motion seeking recusal or disqualification of the Supreme Court Justice assigned to conduct the trial. In appeal No. 2, she appeals from an order denying her motion for, inter alia, vacatur of the jury verdict and judgment notwithstanding the verdict or a new trial. In appeal No. 3, she appeals from a judgment, entered upon a jury verdict, dismissing the complaint. In appeal No. 4, she appeals from an order denying her motion that apparently sought, inter alia, leave to renew the motions at issue in appeal Nos. 1 and 2.

Initially, we note that the appeals from the orders in appeal Nos. 1 and 2 must be dismissed because the right to appeal from those intermediate orders terminated upon the entry of the judgment in appeal No. 3 (*see Murphy v CSX Transp., Inc*. [appeal No. 1], 78 AD3d 1543, 1543; *Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435, 435). The issues raised in appeal Nos. 1 and 2 will be considered upon the appeal from the judgment in appeal No. 3 (*see Matter of Aho*, 39 NY2d 241, 248).

With respect to the merits, plaintiff's contention that the court should have granted her motion for recusal because the court was biased against her lacks merit. " 'Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned

unless it was an abuse of discretion' " (*People v Williams*, 66 AD3d 1440, 1441, *lv dismissed* 13 NY3d 911, quoting *People v Moreno*, 70 NY2d 403, 405-406).  There is no allegation of a legal disqualification, and we perceive no abuse of discretion in the denial of plaintiff's motion.

We reject plaintiff's contention that the court erred in dismissing certain causes of action at the conclusion of the trial. Plaintiff's request for punitive damages was properly dismissed by the court inasmuch as such damages are not recoverable in this employment discrimination action pursuant to Executive Law § 297 (9) (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 494, *rearg denied* 81 NY2d 835; *Harris v Chen*, 283 AD2d 976, 976; *McIntyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, 271, *appeal dismissed* 93 NY2d 919, *lv denied* 94 NY2d 753).  With respect to plaintiff's gender-based unequal pay claim, she was required to establish that she is a member of a protected class, that she was paid less in such position than others similarly situated, and that her receipt of lower wages occurred under circumstances giving rise to an inference of sex discrimination (*see generally Ferrante v American Lung Assn.*, 90 NY2d 623, 629). Assuming, arguendo, that plaintiff's evidence that the wages of two other employees exceeded hers by two dollars per hour was sufficient to meet the first prong of that standard, we conclude that the evidence in the record establishes that those employees were more experienced than plaintiff when they were hired, and thus she failed to meet the third prong (*see Kent v Papert Cos.*, 309 AD2d 234, 244-245; *cf. Matter of Classic Coach v Mercado*, 280 AD2d 164, 170, *lv denied* 97 NY2d 601).  Consequently, the court did not err in dismissing that claim before submitting the case to the jury.

Contrary to plaintiff's further contention, the court did not err in denying her motion to set aside the jury's verdict of no cause of action as against the weight of the evidence.  Plaintiff failed to establish that " 'the evidence so preponderated in [her] favor . . . that the verdict could not have been reached on any fair interpretation of the evidence' " (*Todd v PLSIII, LLC--We Care*, 87 AD3d 1376, 1377; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Insofar as we are able to do so based on the record before us, we have considered plaintiff's remaining contentions, including those concerning the court's pretrial rulings, trial rulings, and the verdict, and we conclude that they are without merit.

Finally, with respect to the motion at issue in appeal No. 4, the record does not contain sufficient information to enable us to determine whether the court properly denied that motion seeking, inter alia, leave to renew, and plaintiff, " 'as the appellant, . . . must suffer the consequences' of submitting an incomplete record" (*Rodriguez v Ward*, 43 AD3d 640, 641).

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court