# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

837

CAE 14-01437

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

IN THE MATTER OF PATRICK M. CARNEY,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

DENNIS WARD AND RALPH MOHR, AS COMMISSIONERS
OF AND CONSTITUTING ERIE COUNTY BOARD OF
ELECTIONS, ERIE COUNTY BOARD OF ELECTIONS,
MARA MCCABE, AS CANDIDATE, RESPONDENTS-RESPONDENTS,
ET AL., RESPONDENT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR
PETITIONER-APPELLANT.

TIMOTHY R. LOVALLO, BUFFALO, FOR RESPONDENT-RESPONDENT MARA MCCABE, AS
CANDIDATE.

---

Appeal from an order of the Supreme Court, Erie County (Matthew
J. Murphy, III, A.J.), entered August 12, 2014 in a proceeding
pursuant to Election Law article 16.  The order determined a
designating petition to be valid.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  On July 10, 2014, a designating petition was filed
with respondent Erie County Board of Elections purporting to designate
respondent Mara McCabe as a candidate in the Democratic Party's
primary election for the public office of Judge of the Buffalo City
Court.  A number of the signatures on the designating petition were
witnessed by Augustine Olivencia, Jr.  According to the designating
petition, Olivencia resided at 385 Westgate Road in the Village of
Kenmore, Erie County.  He has been registered to vote at that address
since August 7, 2013.

Petitioner thereafter commenced this proceeding pursuant to
Election Law § 16-102 to invalidate the designating petition.  Insofar
as relevant on appeal, petitioner alleged that Olivencia was not
qualified to serve as a subscribing witness because he is not a
resident of New York State.  According to petitioner, Olivencia is a
resident of Puerto Rico.  Following an evidentiary hearing, Supreme
Court, in effect, dismissed the petition.  The court held that
petitioner had "adduced insufficient credible proof to support the
conclusion that . . . Olivencia [] did not reside at the [Kenmore]

location set forth in the designating petitions."  We affirm.

Petitioner contends that Olivencia is not a "resident of this state" (Election Law § 5-102 [1]), and thus is not a "duly qualified voter" permitted to act as a subscribing witness to a designating petition (§ 6-132 [2]).  We cannot review that contention, however, because the record on appeal does not include a transcript of the evidentiary hearing.  "Petitioner, 'as the appellant, . . . must suffer the consequences' of submitting an incomplete record" (*Matter of Rodriguez v Ward*, 43 AD3d 640, 641; *see Matter of Lopez v Lugo*, 115 AD3d 1237, 1237; *Curto v Zittel's Dairy Farm*, 106 AD3d 1483, 1483-1484; *Matter of Carson v Town of Oswego Zoning Bd. of Appeals*, 100 AD3d 1559, 1560).

In any event, we agree with McCabe that the merits of petitioner's contention are irrelevant because Olivencia's residency status is not open for *de novo* review under these circumstances (*see generally Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499; *Matter of Bankoski v Green*, 109 AD3d 690, 692).  The decision of the Erie County Board of Elections to register Olivencia at the Kenmore address on August 7, 2013 constitutes "presumptive evidence of [his] residence for voting purposes" (Election Law § 5-104 [2]; *see Matter of Hosley v Curry*, 85 NY2d 447, 452), and the Board's decision may not be collaterally attacked in a proceeding to invalidate a designating petition (*see Matter of Engel v Board of Elections of State of N.Y.*, 143 AD2d 291, 292, *lv denied* 72 NY2d 805; *Nesci v Canary*, 112 AD2d 1056, 1056-1057, *lv denied* 65 NY2d 607).  Indeed, entertaining the merits of petitioner's challenge would circumvent the procedure set forth in the Election Law for cancelling a voter's registration, which "specifically provides that no such cancellation may occur until the voter is notified by the Board of its intention to cancel and given an opportunity to be heard" (*Engel*, 143 AD2d at 292; *see Matter of Rosado v Board of Elections of City of N.Y.*, 218 AD2d 584, 584, *lv denied* 86 NY2d 704; *Nesci*, 112 AD2d at 1057; *see generally* § 5-402 [2]).  Inasmuch as that "procedure had not been followed at the time the [designating] petition was filed, no cancellation of [Olivencia]'s registration occurred and thus the designating petition was not invalid for that reason," even if, as petitioner asserts, Olivencia is not a New York State resident (*Engel*, 143 AD2d at 292; *see Nesci*, 112 AD2d at 1057).

Entered:  August 20, 2014                    Frances E. Cafarell
                                             Clerk of the Court