# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 97-2872

---

| | |
|---|---|
| Monica Kindred, | * |
| | * |
| Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Minnesota. |
| Northome/Indus. School District | * |
| No. 363, | * |
| | * |
| Appellee. | * |

---

Submitted: March 11, 1998

Filed: August 21, 1998

---

Before BEAM and HEANEY, Circuit Judges, and WATERS,[1] District Judge.

---

HEANEY, Circuit Judge.

Monica Kindred appeals the magistrate judge's grant of summary judgment in favor of Northome/Indus. School District No. 363 ("the District") on Kindred's claim that the District discriminated against her in violation of Title VII of the Civil Rights

---

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, sitting by designation.

Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, by refusing to provide her premium pay for driving a new bus route. We affirm.

## I.

Kindred began working as a substitute bus driver for the District in 1978. The District is geographically one of the largest school districts in Minnesota. It comprises 1,800 square miles, includes two schools that are eighty miles apart, and presently has an enrollment of 400 students. On August 24, 1982, the District hired Kindred as a full-time bus driver for the Northome School. Her first route was the "Gemell Route," which she drove for eight years. In 1989, the District assigned Kindred to the "Forest Grove-Mizpah Route," which she drove for three school years.

In the spring of 1992, the District's Superintendent of Schools, Ronald Schuster, discussed plans to eliminate what was known as the "East Route" with the Minnesota School Employees Association ("the Union"), the union with which the District had a Collective Bargaining Agreement ("CBA"). At 180 miles per round trip, the East Route was the longest route in the District. Due to its length, the East Route's driver received premium pay in addition to a regular monthly salary. All of the previous drivers of the East Route had been male.

Superintendent Schuster determined that the District would save $24,000 by reconfiguring three other routes to include portions of the East Route. The reconfiguration would reduce the total miles driven by approximately 10,000, would eliminate the need for one bus and one driver, and the District could discontinue its premium payment to the driver of the East Route. The District planned to reconfigure the routes at the time that it knew the driver of the East Route, Lee Fraley, was planning to retire, thereby permitting the District to change the routes without terminating a bus driver.

On April 15, 1992, the Union accepted the reconfiguration of the three routes and the elimination of the East Route and premium pay for its driver, incorporating the changes into their CBA effective at the beginning of the 1992-93 school term. On August 12, 1992, the School Board approved the proposed route changes.

On September 4, 1992, the District assigned Kindred to the "Wildwood-Mizpah Route" for the 1992-93 school year. Kindred considered the route to be the East Route, and in fact, the Wildwood-Mizpah Route contained portions of the former East Route. When Kindred learned that she would not be receiving premium pay for driving the Wildwood-Mizpah Route, she complained to Chris Schaefer, a union representative. At the December 9, 1992 School Board meeting, Schaefer spoke on Kindred's behalf, presenting her request that she receive additional pay for her new route. The School Board tabled Kindred's request in order to further investigate the matter.

Superintendent Schuster conducted an investigation of Kindred's route and consulted Steven Goede, Kindred's supervisor. Schuster determined that Kindred had adequate time to complete her morning and evening routes within the two-hour time limit specified by the CBA. On February 10, 1993, Schuster relayed this information to the School Board and the Board subsequently denied Kindred's request for premium pay.

At the same time that Kindred made her request, another female driver, Norma Ulrich, also requested premium pay. After conducting a similar investigation of Ulrich's route, the District determined that Ulrich's route exceeded the CBA's time limit by forty-five minutes. The School Board granted Ulrich premium pay for her route.

On March 19, 1993, Kindred filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging age and sex discrimination by the District

in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 and Title VII. In her complaint, Kindred stated that the District assigned her a longer route without additional pay and that she received no waiting time pay or activity trips. Kindred alleged that Schuster discriminated against her because of her gender, verbally harassed her, and threatened her with disciplinary action. Specifically, Kindred claimed that she was being treated differently than younger, male bus drivers.

After receiving notice of her right to sue from the EEOC on August 21, 1995, Kindred filed a suit against the District on November 14, 1995 for age and sex discrimination. In her deposition, Kindred claimed that Schuster had "glared" at her and repeatedly called her into his office to reprimand her. Kindred also stated that Schuster accompanied her on her route on several occasions, which she believed to be excessive. Kindred alleged that on one such occasion, Schuster "called her names" when Kindred could not provide information Schuster requested about another driver. Goede claimed in his deposition that he overheard Schuster state that "women can't handle taking care of the kids on the bus."

In his deposition, Schuster claimed that he gave Kindred the Wildwood-Mizpah Route because part of it ran adjacent to her previous route and she knew the Mizpah area. Kindred claimed that another male driver was a better choice for the Wildwood-Mizpah Route. Citing several subsequent purchases the District made for the transportation department, Kindred contested the School Board's contention that changing the routes was necessary as a cost saving.[2] Kindred also asserted that the East Route driven by Fraley was not 180 miles round trip, but in fact was 135 to 140 miles. She claimed that the Wildwood-Mizpah Route was approximately 122 miles round trip. Kindred reasoned that because her route was only 13 to 20 miles less than

---

[2]In contrast to Kindred's contention, the District demonstrated that the unappropriated portion of the transportation fund decreased from $113,808 in 1986-87 to $19,065 at the end of 1991-92.

4

the original East Route, she should be entitled to premium pay. The District responded that there were two routes longer than the Wildwood-Mizpah Route where the drivers did not earn premium pay.

On June 2, 1997, the magistrate judge issued an order granting the District's motion for summary judgment on all of Kindred's claims. Kindred appeals the magistrate's order only with respect to her claim of gender-based wage discrimination.

## II.

We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to Kindred. See Moore v. Payless Shoe Source, Inc., 139 F.3d 1210, 1211 (8th Cir. 1998). Under Title VII, an employer may not "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] . . . sex." 42 U.S.C. § 2000e-2(a). Where a plaintiff alleges that her employer provides "unequal pay for equal work on the basis of sex, the standards are the same whether the plaintiff proceeds under Title VII or the Equal Pay Act" of the Fair Labor Standards Act, 29 U.S.C. § 206(d). EEOC v. Cherry-Burrell Corp., 35 F.3d 356, 360 (8th Cir. 1994) (citations omitted) (footnote added).

To present a prima facie case of discrimination under Title VII, Kindred must demonstrate (a) that she is a member of a protected class, (2) that she is qualified to receive the benefit in question, (3) that she was denied the benefit, and (4) that the action occurred in circumstances that give rise to an inference of discrimination. See Thomas v. Runyon, 72 F.3d 957, 959 (8th Cir. 1997) (citation omitted). To succeed on a claim of unequal pay for equal work on the basis of sex, Kindred must prove that the District "pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." EEOC v. Delight Wholesale Co.,

973 F.2d 664, 669 (8th Cir. 1992) (citation and internal quotations omitted). Because Kindred presents no direct evidence of discrimination under either Title VII or the Equal Pay Act, we analyze her claim under the McDonnell Douglas burden-shifting framework set forth by the Supreme Court. See Lang v. Star Herald, 107 F.3d 1308, 1311 (8th Cir. 1997) (citations omitted).

We agree with the magistrate's conclusion that the District did not discriminate against Kindred by refusing to provide her with premium pay for driving the Wildwood-Mizpah Route. Kindred failed to present a prima facie case of discrimination because the District's refusal to provide her premium pay does not constitute an adverse employment decision under Title VII. The East Route, for which the district provided premium pay, substantially differed from the Wildwood-Mizpah Route. The East Route comprised a round trip of between 140 and 180 miles versus the Wildwood-Mizpah Route's round trip of 122 miles. This distinction is sufficient to disqualify Kindred's new assignment from a comparison with the East Route, which by Kindred's mileage estimate is nearly fifteen percent longer, as "equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974).

Moreover, Kindred also failed to demonstrate that the District refused to provide her with premium pay because of her gender. For example, Kindred has not demonstrated that the District's refusal to provide premium pay was outside the provisions of the CBA. Even if Kindred showed that the District's decision was inconsistent with the CBA, she failed to provide any evidence that intentional discrimination was the real motivating factor in the decision. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). Viewing the facts in Kindred's favor in this appeal, we assume Schuster stated that, "women can't handle taking care of the kids

6

on the bus." Even were Schuster's stray comment[3] an accurate description of his beliefs, the District's reassignment of Kindred to a route longer than her previous route is at odds with a belief that women are unable to perform comparably to male bus drivers. In addition, although Kindred alluded to Schuster glaring at her or calling her names, she presented no evidence to suggest that such instances resulted from a gender-based animus.[4] Any evidence showing a discriminatory intent by the District would also be contradicted by the fact that following a similar investigation to the one conducted on Kindred's behalf, the District granted the only request for premium pay to another female bus driver.

## III.

For the foregoing reasons, we affirm the magistrate's grant of summary judgment in favor of the District.

---

[3]"Remarks at work that are based on sex stereotypes do not inevitably prove that gender played a part in a particular employment decision." Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989). Kindred "must show that the employer actually relied on her gender in making its decision." Id. In essence, an employer's comments must constitute more than stray remarks for a Title VII plaintiff to show discrimination. See id.

[4]Likewise, Kindred's assertion that a male driver was the more likely choice for assignment to the Wildwood-Mizpah Route, without more, is merely speculative and insufficient to give rise to an inference of discrimination. Kindred clearly disliked her assignment to the Wildwood-Mizpah Route. However, Kindred does not meet the threshold for showing an adverse employment action for the purpose of establishing a prima facie case of gender discrimination where her claim "describes nothing more disruptive than a mere inconvenience or an alteration of job responsibilities." Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994).

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.