■ In the Matter of NEW YORK STATE OFFICE OF MENTAL HEALTH, ROCHESTER PSYCHIATRIC CENTER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [709 NYS2d 755] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner seeks to annul the determination of the Commissioner of respondent New York State Division of Human Rights (Division) finding that petitioner discriminated against Mary E. Schutt (respondent), its employee, in 1986 by refusing to appoint her to two positions for which she was qualified. The Commissioner adopted the findings of the Administrative Law Judge (ALJ) that petitioner discriminated against respondent on the basis of a disability resulting from a back injury and that petitioner retaliated against respondent for filing a claim with the Divi-

sion in 1984 that was later withdrawn. The ALJ rejected petitioner's explanations for the conduct, concluding that the explanations were not credible and were pretextual. The Commissioner adopted the findings and conclusions of the ALJ. We "may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106; *see, Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 225 AD2d 856, 857), and thus we are constrained to conclude that the determination is supported by substantial evidence (*see generally, Matter of State Div. of Human Rights [Granelle], supra*, at 106).

Petitioner does not contend that respondent failed to make a prima facie showing of discrimination and retaliation. Rather, petitioner contends that it met its burden of rebutting the presumption of discrimination by explaining its actions, thereby requiring respondent to prove that the explanations were merely a pretext for discrimination (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629-630). However, because the ALJ found that petitioner's witnesses were not credible and concluded that respondent made a prima facie showing of discrimination and retaliation, respondent was not required to prove pretext; the combination of respondent's prima facie case and the " 'rejection of the [petitioner's] proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination' " (*Ferrante v American Lung Assn., supra*, at 630, quoting *St. Mary's Honor Ctr. v Hicks*, 509 US 502, 511). Thus, we confirm the determination and dismiss the petition. We have considered petitioner's remaining contentions and conclude that they are without merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Affronti, J.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.