164

[722 NYS2d 551]

In the Matter of CLASSIC COACH et al., Appellants, v EDWARD MERCADO, as Commissioner of the New York State Division of Human Rights, et al., Respondents.

Second Department, March 19, 2001

**APPEARANCES OF COUNSEL**

*Franklin, Gringer & Lipp, P. C.,* Garden City (*Robert G. Lipp* of counsel), for appellants.

*Gina M. Lopez,* New York City (*Michael K. Swirsky* of counsel), for Edward Mercado, respondent.

*John J. Andrews,* Port Jefferson (*Edward Cherney* of counsel), for Carol Aurecchione, respondent.

**OPINION OF THE COURT**

BRACKEN, P. J.

The issue in this case is whether a determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner), that the complainant had been subjected to an illegal discriminatory practice in violation of Executive Law § 296, is supported by substantial evidence. We conclude that it is so supported and confirm the determination.

The Commissioner found in his determination dated April 29, 1999, that the complainant, a female, and hence a member of a protected class (*see, Matter of Town of Lumberland v New York State Div. of Human Rights,* 229 AD2d 631), was significantly underpaid when compared with various male employees who performed substantially the same work. The Commissioner found that the complainant had been called upon to perform the functions of the position of general manager of the charter bus company where she worked, but that she was never paid at the higher rate of pay which was given to general managers who were males. The Commissioner also found, in effect, that the gender-neutral explanation for this disparate treatment, that is, the complainant's alleged lack of managerial experience, was a pretext. The Commissioner noted that two men were offered the position of general manager at a higher rate of pay than that offered to the complainant, al-

though they did not have managerial experience. We hold that these findings justify the Commissioner's determination, and that the complainant had no duty to produce direct evidence that the disparate treatment that she experienced was the result of discriminatory animus.

The New York State Human Rights Law (Executive Law art 15) states, in part, "[i]t shall be an unlawful discriminatory practice * * * [f]or an employer * * * because of the age, race, creed, color, national origin, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ, or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" (Executive Law § 296 [1] [a]).

Civil Rights Act of 1964 § 703 (a) (1) (42 USC 2000e-2 [a] [1]) states, in part, "[i]t shall be an unlawful employment practice for an employer * * * to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

Given the similarity in the wording of these two statutes, it has been held that an unlawful discrimination claim under Executive Law § 296 is governed by the same principles as those which apply in Federal "title VII" cases. "The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964" (*Ferrante v American Lung Assn.,* 90 NY2d 623, 629; *see also, Mauro v Orville,* 259 AD2d 89; *Pace v Ogden Servs. Corp.,* 257 AD2d 101; *Michaelis v State of New York,* 258 AD2d 693).

In *McDonnell Douglas Corp. v Green* (411 US 792), decided in 1973, the United States Supreme Court held that the plaintiff in a title VII case based on discrimination in hiring establishes a prima facie case once such a plaintiff submits evidence sufficient to justify the conclusion that (1) he or she belongs to a protected class, (2) he or she applied and was qualified for a job for which the employer was seeking applicants, (3) despite his or her qualifications, he or she was rejected, and (4), after his or her rejection, the employer continued to seek applicants (*see, McDonnell Douglas Corp. v Green, supra,* at 802). Upon the establishment of such a prima facie case, the burden shifts to the employer to show that there was a legitimate business-related reason for the action. If the

employer comes forward with proof of such a legitimate business-related reason, the plaintiff must be given the opportunity to demonstrate that the proffered reason was "a pretext for the sort of discrimination prohibited by [title VII]" (*McDonnell Douglas Corp. v Green, supra,* at 804). The basic holding of the *McDonnell Douglas* case is that a title VII plaintiff may prevail in his or her case by producing proof of the elements of a prima facie case and proof that the explanation offered by the employer was pretextual.

In *St. Mary's Honor Ctr. v Hicks* (509 US 502), decided in 1993, the United States Supreme Court held, in essence, that a jury's justifiable rejection of the employer's proffered nondiscriminatory reason for its action on the basis that such reason was a mere pretext permits, but does not mandate, a verdict in favor of the plaintiff. In the *St. Mary's* case, the plaintiff alleged that certain agents of his employer first demoted him, and later fired him, because he was black. The District Court found that the plaintiff had established a prima facie case, and that the facially-valid race-neutral reasons offered by the defendants for their actions were in fact pretextual. However, the District Court entered judgment for the defendants based on its holding that the plaintiff failed to meet his overall burden that race was, in fact, the motive for his termination. The Circuit Court of Appeals reversed the order of the District Court. The Circuit Court held that the plaintiff was entitled to judgment as a matter of law based on the conclusion of the District Court that all of the reasons offered by the employer to justify its action were, in fact, pretextual. The Circuit Court reasoned that, once all of the reasons offered by the employer were discredited, the employer was in the same position as it would have been had it offered no evidence at all. Thus, the plaintiff, having proved his prima facie case, was entitled to judgment as a matter of law.

On granting certiorari, the Supreme Court reversed the Circuit Court and remitted. The Supreme Court found that the plaintiff made out a prima facie case by proving that he was black, that he was qualified, that he was demoted and ultimately discharged from his employment, and that the position was later filled with a white man. The Supreme Court noted that the District Court had found that the reasons expressed by the employer as a basis for its action were pretextual. However, disagreeing with the Court of Appeals, the Supreme Court held that the plaintiff was not entitled to judgment as a matter of law merely because the District Court had

found that the reasons offered by the employer for the dismissal were pretextual.

The Supreme Court stated "[b]y producing evidence (whether ultimately persuasive or not) of nondiscriminatory reasons, [the employer] sustained [its] burden of production, and thus placed [itself] in a better position than if [it] had remained silent" (*St. Mary's Honor Ctr. v Hicks, supra,* at 509 [internal quotations omitted]). The Supreme Court continued, "rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, '[n]o additional proof of discrimination is *required*' * * * But the Court of Appeals' holding that rejection of the defendant's proffered reasons *compels* judgment for the plaintiff disregards the fundamental principle of Rule 301 that a presumption does not shift the burden of proof, and ignores our repeated admonition that the Title VII plaintiff at all times bears the 'ultimate burden of persuasion' " (*St. Mary's Honor Ctr. v Hicks, supra,* at 511 [emphasis in original]).

The essential holding of the *St. Mary's* case is that a plaintiff *may*, but need not, prevail in a title VII action based on proof of a prima facie case and expression by the defendant of a motive which could properly be found to be pretextual. Such proof is enough, in other words, to send the title VII case to the jury; it will not be enough to entitle the plaintiff to judgment as a matter of law. Whether the plaintiff does or does not succeed based upon such proof is a jury question, and it will be the trier of fact which ultimately decides whether, in all the circumstances presented, the plaintiff met his or her overall burden of showing discrimination.

In *Ferrante v American Lung Assn.* (90 NY2d 623, *supra*), the Court of Appeals interpreted the *St. Mary's* case and applied the holding of that case in the context of an action in which the plaintiff asserted, in his first cause of action, that he had been fired because of his age in violation of Executive Law § 296. The Court of Appeals affirmed the order of the Appellate Division, which, upon reversal of a prior order of the Supreme Court, denied the defendant's motion for summary judgment dismissing the first cause of action. The Court of Appeals quoted the following passage from the *St. Mary's* decision:

" 'The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may,

together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination.' "

(*Ferrante v American Lung Assn., supra,* at 630, quoting *St. Mary's Honor Ctr. v Hicks, supra,* at 511; *cf., Scott v Citicorp Servs.,* 91 NY2d 823 [defendant entitled to summary judgment where plaintiff fails to raise issue of fact as to whether proffered reason was pretextual].)

In *Matter of New York State Off. of Mental Health, Rochester Psychiatric Ctr. v New York State Div. of Human Rights* (273 AD2d 829, 830), the Appellate Division, Fourth Department, followed the holding of *St. Mary's Honor Ctr. v Hicks (supra)* and *Ferrante v American Lung Assn. (supra)* in confirming a determination which found that the Office of Mental Health had discriminated against the complainant based on disability. The Court found that the combination of the complainant's prima facie case and the rejection of the employer's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination.

Various Circuit Courts followed the *St. Mary's* case and held, in essence, that a prima facie case, combined with evidence sufficient to warrant a finding that the nondiscriminatory reason proffered by the defendant was pretextual, always creates an issue of fact for the jury (*see, Kline v Tennessee Val. Auth.,* 128 F3d 337 [6th Cir 1997]). Other Circuit Courts held, on the contrary, that a plaintiff must offer more than just proof of a prima facie case combined with sufficient evidence to warrant a finding that the nondiscriminatory reason proffered by the defendant is pretextual, and that the failure to do so will result in judgment as a matter of law against the plaintiff (*see, Fisher v Vassar Coll.,* 114 F3d 1332 [2d Cir 1997]).

In *Reeves v Sanderson Plumbing Prods.* (530 US 133), decided in June 2000, the United States Supreme Court granted certiorari in order to resolve the split in the Circuit Courts mentioned above. The Supreme Court held that it was error for the Circuit Court to have concluded that "a prima facie case of discrimination, combined with sufficient evidence for the trier of fact to disbelieve the defendant's legitimate, nondiscriminatory reason for its decision, is insufficient * * * to sustain a jury's finding of intentional discrimination" (*supra,* at 146). The Supreme Court stated that the very fact that an employer offers a sham excuse for its action permits the infer-

ence that the employer is attempting to "cover up" its discriminatory intent.

■ The *Reeves* decision constitutes a clear repudiation of what had become known as the "pretext-plus" standard of proof. Under that standard of proof, a title VII plaintiff, in a case where the defendant employer has offered a facially-valid nondiscriminatory reason for the unfavorable treatment afforded to the plaintiff, must, in order to prevail, not only prove that the proffered nondiscriminatory reason is a pretext, but must also adduce further proof to establish that the real motive was discrimination (*see, e.g., Russell v McKinney Hosp. Venture,* 235 F3d 219; *James v New York Racing Assn.,* 233 F3d 149). In our view, the elimination of the "pretext-plus" rule is both logical and salutary and should be carried over into New York law.

The Supreme Court cases outlined above dealt with claims of discriminatory firing or discriminatory failure to hire. The present case involves a claim of unequal pay for equal work. However, the essential framework for establishing a prima facie case is the same. It has been held that, to establish a prima facie case under title VII based on a claim of unequal pay, the plaintiff must show that (1) he or she is a member of a protected class, (2) he or she was paid less than nonmembers of his or her class for work involving substantially the same amount of skill, effort, and responsibility, and (3) he or she performed such work under substantially the same conditions as the nonmembers of his or her class (*see, Buettner v Arch Coal Sales Co.,* 216 F3d 707 [8th Cir]; *Hutchins v International Bhd. of Teamsters,* 177 F3d 1076 [8th Cir]; *Clark v Johnson & Higgins,* 181 F3d 100 [6th Cir]; *Kindred v Northome/Indus. School Dist. No. 363,* 154 F3d 801 [8th Cir]).

■ There is substantial evidence in the record to support the Commissioner's conclusion that the complainant was a member of a protected class; that she was paid less than nonmembers of her class for work involving substantially the same amount of skill, effort, and responsibility; and that she performed such work under substantially the same conditions as the nonmembers of her class (*see generally, Buettner v Arch Coal Sales Co., supra; Hutchins v International Bhd. of Teamsters, supra; Clark v Johnson & Higgins, supra; Kindred v Northome/Indus. School Dist. No. 363, supra*). There is also substantial evidence to support the conclusion that the proffered reason for this disparate treatment, that is, the complainant's relative lack of experience, was a pretext. Under these and all the other cir-

cumstances revealed in the record, the Commissioner was justified in finding a violation of Executive Law § 296 (*see, Reeves v Sanderson Plumbing Prods., supra; St. Mary's Honor Ctr. v Hicks, supra; Ferrante v American Lung Assn., supra; Matter of New York State Off. of Mental Health, Rochester Psychiatric Ctr. v New York State Div. of Human Rights, supra*).

We have examined the petitioners' remaining contentions and find them to be without merit.

For these reasons, the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

SANTUCCI, S. MILLER and FLORIO, JJ., concur.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.