■ JULIA M. MORSE, Appellant, v WYOMING COUNTY COMMUNITY HOSPITAL AND NURSING FACILITY et al., Respondents. (Appeal No. 1.) [758 NYS2d 876] —Appeal from an order of Supreme Court, Wyoming County (Griffith, J.), entered May 13, 2002, which, inter alia, granted defendants' cross motion seeking summary judgment dismissing the complaint.

■ JULIA M. MORSE, Appellant, v WYOMING COUNTY COMMUNITY HOSPITAL AND NURSING FACILITY et al., Respondents. (Appeal No. 2.) [758 NYS2d 749] —Appeal from a judgment of Supreme Court, Wyoming County (Griffith, J.), entered May 28, 2002, which granted defendants' cross motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted that part of defendants' cross motion seeking summary judgment dismissing the second and sixth causes of action. This action arises from plaintiff's employment as a licensed practical nurse and medical receptionist at the pediatric clinic of defendant Wyoming County Community Hospital (Hospital). Plaintiff overdosed on Prozac on February 22, 1995 and was hospitalized for depression until March 1, 1995. She was on disability leave when she received a letter from an assistant administrator at

the Hospital, dated March 1, 1995, advising her that her "contractual arrangement" with the Hospital could not be continued. According to the Hospital, plaintiff's contractual position at the clinic was converted by the Hospital into a civil service position pursuant to an agreement settling a grievance alleging that the Hospital had improperly contracted out work that was subject to a collective bargaining agreement. The second cause of action alleges that, in terminating plaintiff's contractual arrangement, defendants unlawfully discriminated against plaintiff because of her disability in violation of Executive Law § 296 (1) (a). The sixth cause of action alleges intentional infliction of emotional distress.

With respect to the second cause of action, the court determined that defendants met their initial burden and plaintiff failed to raise a triable issue of fact concerning the falsity of the Hospital's proffered reason for terminating plaintiff's contractual arrangement *and* whether discrimination was more likely the real motive (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 630-631 [1997]). We conclude that the court erred in thereby deciding the case within the theoretical framework of the "pretext-plus" rule, which places the burden on a plaintiff to prove not only that "the proffered nondiscriminatory reason is a pretext, but also [to prove] * * * that the real motive was discrimination" (*Matter of Classic Coach v Mercado*, 280 AD2d 164, 170 [2001], *lv denied* 97 NY2d 601 [2001]). A discrimination case decided under Executive Law § 296 is governed by the same principles that apply to discrimination cases under title VII of the Civil Rights Act of 1964 (title VII) (42 USC § 2000e *et seq.*) (*see Ferrante*, 90 NY2d at 629), and the United States Supreme Court has rejected the application of the "pretext-plus" rule to title VII cases (*see Reeves v Sanderson Plumbing Prods.*, 530 US 133, 147-149 [2000]). The "pretext-plus" rule therefore has no application to discrimination cases under the Executive Law and in such cases, as in title VII cases, a discriminatory intent may be inferred from "the very fact that an employer offers a sham excuse for its action" (*Classic Coach*, 280 AD2d at 169). Thus, contrary to the determination of the court, a plaintiff may defeat a properly supported motion for summary judgment in a discrimination case under the Executive Law by raising a triable issue of fact concerning *either* the falsity of the employer's explanation for the challenged action *or* the employer's discriminatory motive (*see Layaou v Xerox Corp.*, 298 AD2d 921, 922 [2002]).

We nevertheless conclude, however, that the second cause of

action was properly dismissed. Plaintiff failed to raise a triable issue of fact concerning either the falsity of the Hospital's reason for terminating her contractual arrangement or the alleged discriminatory motive of the Hospital for its actions (*see id.*). Finally, we reject plaintiff's contention that the conduct alleged is sufficiently outrageous to support the sixth cause of action for intentional infliction of emotional distress (*see Tomassi v Dominic*, 278 AD2d 880 [2000]; *see also Andrewski v Devine*, 280 AD2d 992, 993 [2001]). Present—Wisner, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.