Jacob V. FALBAUM, Anthony E. Gill, Emile Lewkowiez, Raymond J. Terwilliger and Lee L. Kishbaugh, Plaintiffs–Appellants,

v.

John J. POMERANTZ, Alan Golub, Laura H. Pomerantz, Herman Gordon and B. Michael Thrope, Defendants–Appellees.

Nos. 00–9039, 00–9049.

United States Court of Appeals, Second Circuit.

Sept. 6, 2001.

Arthur M. Wisehart, Esq., Wisehart & Koch, New York, NY, for appellants.

Joel E. Cohen, McDermott, Will & Emery, New York, NY, for appellees.

Present MESKILL, WINTER, and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiffs–Appellants Jacob V. Falbaum, Anthony E. Gill, Emile Lewkowiez, Raymond J. Terwilliger, and Lee L. Kishbaugh ("Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*) dismissing their age discrimination and state law claims against Defendants–Appellees John J. Pomerantz, Alan Golub, Laura H. Pomerantz, Herman Gordon, and B. Michael Thrope.[1] The District Court initially dismissed Plaintiffs' claims brought pursuant to the Age Discrimination in Employment Act of 1996 ("ADEA"), 29 U.S.C. §§ 621 et seq., New York's Human Rights Law, N.Y. Exec. L. §§ 296(1)(a), 3 a(c) (McKinney 1993) ("NYSHRL"), Pennsylvania's Human Relations Act ("PAHRA"), Pa. Stat. Ann. tit. 43, § 955, concluding

that Defendants could not be sued in their individual capacities under these statutes. Plaintiffs also asserted claims of legal malpractice and breach of fiduciary duty against Defendants Gordon and Thrope, which were dismissed at oral argument by the District Court. The District Court later granted Defendants' motion for summary judgment as to Plaintiffs' age discrimination claim brought pursuant to New York City's Civil Rights Law ("NYCCRL"), Admin. Code of New York City § 8–107(1)(a) because Plaintiffs, the court found, were precluded by the prior decisions of the Bankruptcy Court, following a trial, dismissing their age discrimination claims against Leslie Fay, *see generally In re Leslie Fay Cos.*, 212 B.R. 747 (Bankr.S.D.N.Y.1997), *aff'd* 222 B.R. 718 (S.D.N.Y.1998), *aff'd sub nom., Falbaum v. Leslie Fay Cos.*, 182 F.3d 899 (2d Cir. June 29, 1999) (unpublished disposition), *cert. denied,* 528 U.S. 1075, 120 S.Ct. 788, 145 L.Ed.2d 665 (2000).

As the Bankruptcy Court provided an extensive discussion and analysis of the underlying employment discrimination claims, *see In re Leslie Fay Cos.*, 212 B.R. 747 (Bankr.S.D.N.Y.1997), familiarity with the factual background of this case is presumed. On appeal, Plaintiffs principally argue that (1) collateral estoppel does not apply to their NYCCRL claims; (2) the District Court erred in not considering new evidence resulting from the conviction of Leslie Fay's Chief Financial Officer, Paul Polishan, for conspiracy and various types of fraud and in not granting their

1. The defendants-appellees are current and former officers and directors of The Leslie Fay, Companies, Inc. ("Leslie Fay") and Leslie Fay's former outside labor counsel. John Pomerantz is the Chief Executive Officer and Chair of the Board of Directors of Leslie Fay. Laura Pomerantz is the former executive vice president and member of the Board of Directors of Leslie Fay ("Board"). Alan Golub is the former president and member of the Board. Herman Gordon is the former Senior Vice President, General Counsel, and member of the Board. B. Michael Thrope ("Thrope") served, during the early 1990s, as Leslie Fay's outside counsel for labor and employment matters. Collectively, we refer to the defendants-appellants as "Defendants" unless it is necessary to discuss them individually.

motion seeking further discovery relating to the Polishan case; (3) the District Court erred in dismissing their claims brought against the individual defendants under ADEA, NYSHRL, PAHRA; and (4) the District Court erred in dismissing the claim against Defendant Thrope. We affirm.

### I. Preclusion of Claims Brought Pursuant to NYCCRL

■ Collateral estoppel, or issue preclusion, bars a party and its privies from relitigating a claim it previously litigated and lost. We must determine whether (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. *NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir.1999). The Bankruptcy Court conclusively determined several issues that are determinative in the current action: that the releases signed by Falbaum, Gill, and Terwilliger were valid and barred any termination-related claims, that the plaintiffs who did not sign the release were not terminated because of their age, and that Leslie Fay did not illegally discriminate (or retaliate) against the plaintiffs by failing to rehire them because of their age. Both federal and the relevant state courts use the same legal standards to evaluate disparate treatment claims. *See, e.g., Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir.1996); *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir.1992); *Matter of Classic Coach v. Mercado*, 280 A.D.2d 164, 722 N.Y.S.2d 551 (2d Dep't 2001). Plaintiffs had a full and fair opportunity to litigate their age discrimination claims as they had extensive discovery and the Bankruptcy Court tried their claims over the course of twelve days.[2] These determinations were necessary to support the Bankruptcy Court's final judgment on the merits. Because the crucial issues necessary for maintaining a disparate treatment claim, or a claim of intentional discrimination, on the basis of age in this case involve the same series of events and legal determinations, such as whether the plaintiffs were terminated or retaliated against because of their age, that were both fully litigated in and necessary to the judgment of the Bankruptcy Court, we conclude that collateral estoppel bars the plaintiffs' current claim of intentional age discrimination under the NYCCRL.

■ Neither does the fact that the District Court used the bankruptcy proceeding, even though the Bankruptcy Court decided these claims without a jury, as a basis for preclusion deprive Plaintiffs of their Seventh Amendment rights. The Supreme Court rejected a similar proposition in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334–36, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In *Parklane Hosiery*, the Supreme Court held that the Seventh Amendment did not prevent the application of collateral estoppel to a second action even though the first action was determined by a judge and the parties were not the same in both actions. *See Parklane Hosiery*, 439 U.S. at 335–36 ("A litigant who has lost because of adverse factual findings in an equity action is equally deprived of a jury trial whether he is es-

---

2. Although Plaintiffs now object to Defendants' failure to raise the preclusion defense in their answer, they did not oppose the Defendants' motion for summary judgment upon this ground. We will not consider an argument, such as this one, first raised on appeal when consideration is unnecessary to avoid a manifest injustice. *See, e.g., Mortise v. United States*, 102 F.3d 693, 697 (2d Cir.1996).

topped from relitigating the factual issues against the same party or a new party. . . . In either case there is no further factfinding function for the jury to perform, since the common factual issues have been resolved in the previous action."). *Lytle v. Housefold Mfg., Inc.*, 494 U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990), does not alter the applicability of *Parklane Hosiery* to the case at bar. *Lytle* held that collateral estoppel did not preclude relitigation of issues before a jury of a plaintiff's legal claims, which were improperly dismissed by the district court, even though the judge determined some of these issues in a bench trial on the plaintiff's equitable claims. *See Lytle*, 494 U.S. at 555. *Lytle*, however, involved legal and equitable claims brought in the *same* action, not two separate actions as is the case here. *See Lytle*, 494 U.S. at 553 ("Application of collateral estoppel is unnecessary here to prevent multiple lawsuits because this case involves one suit in which the plaintiff properly joined his legal and equitable claims.").

■ Issue preclusion, however, cannot bar Plaintiffs' disparate impact claims because the disparate impact issue was not litigated before the Bankruptcy Court and was therefore unnecessary to its judgment. During the Bankruptcy Court proceedings, Kishbaugh apparently raised a disparate impact claim as to the order of the plant closings, but only in his post-trial brief. *See In re Leslie Fay Cos.*, 212 B.R. at 786–87 & n. 16. The Bankruptcy Court refused to consider that claim and noted that Leslie Fay, due to his belated contention, obviously did not offer a legitimate business justification for closing the plants in

the order it did. *See id.* Although it is unclear exactly what the basis for Plaintiffs' disparate impact theory is, their Statement Pursuant to Local Civil Rule 56.1 ¶ 40 and their complaints, *see, e.g.,* Kishbaugh Compl. ¶ 28, suggest that they are raising a disparate impact claim in relation to the Reduction–In–Force ("RIF") programs instituted in early 1992.[3] In support of affirmance, Defendants rely upon *res judicata*, or claim preclusion, because "[r]es judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998). The Defendants assert without providing any legal citation that they are in privity with Leslie Fay.

In this case, we find that Defendants are in privity with Leslie Fay. Plaintiffs disparate impact theory is that these high-level defendants (top officers and members of the Board) through their positions at Leslie Fay devised these RIF programs, an otherwise neutral policy, in such a way that the workers who were disparately impacted were older workers. To determine whether a person may be deemed in privity with a litigating party, the Supreme Court directs us to chapter 4 of the Restatement (Second) of Judgments. *See Richards v. Jefferson County*, 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996); *Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 306–07 (2d Cir.1996). Section 59, in relevant part, indicates that generally "a judgment in an action to which a corporation is a party has no preclusive effects on

---

**3.** To the extent that Plaintiffs attempt to use whatever evidence they possess to demonstrate either a pattern or practice of intentional discrimination or as further support for a disparate treatment claim, the Bankruptcy Court's decision precludes them from doing so as the court specifically evaluated the effect of the alleged statistical disparities under both theories and was not persuaded that Kishbaugh's termination was motivated by age discrimination. *See In re Leslie Fay, Cos.*, 212 B.R. at 787.

a person who is an officer, director" unless "a relationship exists between a corporation and an officer, director ... such as that of principal and agent, from which preclusive effects follow under rules governing that relationship." RESTATEMENT (SECOND) OF JUDGMENTS § 59 & cmt. b (1982) (citing section 51); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 51 (noting that, subject to certain exceptions, if two persons have a relationship such that one is vicariously responsible for the conduct of the other, a judgment against an injured person in favor of one person bars the injured person from reasserting his claim against the other). In *Burlington,* the Supreme Court instructed that an employer may be vicariously liable even where supervisory employees commit torts outside the scope of employment, for example, where "the agent's high rank in the company makes him or her the employer's alter ego" or where a supervisor takes a tangible employment action against a subordinate. *Burlington Indus. v. Ellerth,* 524 U.S. 742, 758, 762–63, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Regardless of the exact contours of Plaintiffs' theory, it is undisputed that Defendants are the same individuals who Plaintiffs alleged in the bankruptcy proceedings were responsible for discriminating against them on the basis of their age. It is therefore clear that Defendants acted as agents of Leslie Fay for privity purposes. Because we find that Defendants are in privity with Leslie Fay, Plaintiffs are barred from bringing a disparate impact claim because they could have timely raised such a claim during the bankruptcy proceeding. *See Irish Lesbian and Gay Org.,* 143 F.3d at 644.

The "evidence" developed at the criminal trial of Paul Polishan, Leslie Fay's former Chief Financial Officer does not alter our analysis. Polishan was convicted of conspiracy and various counts of fraud relating to his and a corporate controller's agreement to falsify the accounting books and records of Leslie Fay and to Polishan's provision of false statements regarding Leslie Fay's financial position. *See United States v. Polishan,* No. 3:CR–96–274, 2001 WL 848583 (M.D.Pa. July 27, 2001) at 19–21. Polishan is not a defendant in this action and the findings at his criminal trial do not implicate the defendants in this case. We agree with the District Court that these criminal charges are simply unrelated to Plaintiffs' age discrimination claims and that any evidence relating to Polishan is insufficient to delay the resolution of this case.

In conclusion, we affirm the District Court's grant of Defendants' motion for summary judgment on preclusion grounds and its denial of Plaintiffs' motion for a continuance to conduct further discovery.

## II. Individual Capacity Claims

Plaintiffs also claim that the District Court erroneously dismissed their claims under the ADEA, NYSHRL, and PAHRA against the defendants in their individual capacities.

### A. ADEA

Our decision in *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995), which held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII," strongly suggests that individual defendants may not be held personally liable under the ADEA given the similarities of the statutory definition of "employer" between the ADEA and Title VII[4] and the direct analogy of approaches between the two statutory schemes our cases have ap-

---

4. *Compare* 29 U.S.C. § 630(b) *with* 42 U.S.C. § 2000e(b).

plied,[5] although we have not yet so held in a published opinion. We need not decide that question here, because even if Plaintiffs could bring suit against the individual defendants, that suit would be barred on preclusion grounds as explained above.

### B. NYSHRL and PAHRA claims

■ Notably, the plaintiffs object only to dismissal of their NYSHRL and PAHRA claims to the extent that these claims were brought under an 'aiding and abetting' theory. It is generally accepted, however, that once an employer has been found to have not discriminated, there is no predicate for imposing liability on the supervisors under an aiding and abetting theory. *See Varela v. Philadelphia Neighborhood Hous. Servs., Inc.,* 68 F.Supp.2d 575, 584 (E.D.Pa.1999) (granting summary judgment on plaintiff's claim against individual employee because granted summary judgment on claim against employer); *DeWitt v. Lieberman,* 48 F.Supp.2d 280, 293–94 (S.D.N.Y.1999) (same under New York law); *Murphy v. ERA United Realty,* 251 A.D.2d 469, 674 N.Y.S.2d 415, 418 (2d Dep't 1998) (noting that a plaintiff could not maintain an action against co-employees under an aiding and abetting theory unless there was an indication that the co-employees were acting in concert with the employer); *Santarelli v. Nat'l Book Co.,* 41 Pa. D. & C. 4th 483, 491–92 (C.P. Lackawanna 1999) (discussing liability for aiding and abetting under PAHRA); *see also Dici v. Pennsylvania,* 91 F.3d 542, 552 (3d Cir.1996) (noting that the requirement under Pennsylvania law is whether the supervisory employee aided or abetted the discriminatory practices of the employer); *Tomka,* 66 F.3d at 1315 (noting that "a prerequisite to agent liability is a finding that the complained-of conduct can be imputed to the employer"). Here, the Bankruptcy Court found that Leslie Fay did not discriminate against these plaintiffs on the basis of their age. Thus, Plaintiffs cannot maintain their suit against the individual defendants.

### III. Dismissal of Malpractice and Breach of Fiduciary Duty Claims against Thrope

■ The District Court correctly dismissed the malpractice claims against Thrope, Leslie Fay's outside counsel, because there is no allegation that Thrope acted as the attorney for Plaintiffs, rather than solely as the attorney for Leslie Fay, and there is no indication of any express agreement that Thrope would represent them in addition to representing Leslie Fay. *See, e.g., Talvy v. American Red Cross,* 205 A.D.2d 143, 618 N.Y.S.2d 25, 29 (1st Dep't 1994), *aff'd,* 87 N.Y.2d 826, 637 N.Y.S.2d 687, 661 N.E.2d 159 (1995). The District Court also correctly dismissed the breach of fiduciary duty claim against Thrope because Plaintiffs did not allege a proper basis for the establishment of a fiduciary relationship with Thrope. *See Flickinger v. Harold C. Brown & Co.,* 947 F.2d 595, 599 (2d Cir.1991) ("A fiduciary relationship exists under New York law when one [person] is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.") (internal quotation marks omitted).

### CONCLUSION

We have considered Plaintiffs' remaining arguments and find them to be without merit. For the reasons provided above, the judgment of the District Court is AFFIRMED.

---

**5.** *See, e.g., Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 465 (2d Cir.1997).