24-648-cv
*Cohen v. Arnot Health, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

BARRY A. COHEN,

> *Plaintiff-Appellant*,

v.                                                                24-648-cv

ARNOT HEALTH, INC., ARNOT OGDEN
MEDICAL CENTER, DBA Arnot Health,
ELEANOR CALLANAN, individually,

> *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | Edward E. Kopko, Edward E. Kopko, Lawyer, P.C., Ithaca, NY. |
| For Defendants-Appellees: | Robert C. Whitaker, Jr., Hancock Estabrook, LLP, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Barry Cohen appeals from a judgment entered on February 1, 2024, granting summary judgment to Defendants-Appellees Arnot Health, Inc., Arnot Ogden Medical Center (together, "Arnot Health"), and Eleanor Callanan. Cohen brought suit in the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*) against Defendants asserting age discrimination claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq*., and the New York State Human Rights Law (NYSHRL), Executive Law §§ 290 *et seq*. Cohen applied for a position as a physician at Arnot Health, and during the hiring process Callanan accidentally sent Cohen an email intended for a colleague, in which Callanan made a statement that could be construed as indicating that she thought Cohen should not be hired because of his age. Cohen forwarded Callanan's email to an Arnot Health officer, who apologized, removed Callanan from the hiring process, and instructed another recruiter to schedule an interview with Cohen. Just before the scheduled interview, however, Cohen withdrew his application. The district court dismissed the case, holding that Cohen failed to establish a *prima facie* case of discrimination because Cohen did not suffer an adverse employment action and there was insufficient evidence to create an inference of discriminatory intent. *See Cohen v. Arnot Health, Inc.*, No. 22-cv-0178 (GTS/ML), 2024 WL 38266 (N.D.N.Y. Feb. 1, 2024). Cohen now appeals. We assume the parties' familiarity with the case.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted

2

and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).[1] "Summary judgment is required if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (quoting Fed. R. Civ. P. 56(a)). The Federal Rules of Civil Procedure also mandate the entry of summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *El-Nahal v. Yassky*, 835 F.3d 248, 252 (2d Cir. 2016).

Discrimination claims under the ADEA and NYSHRL are analyzed under the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Carr v. New York City Transit Auth.*, 76 F.4th 172, 177 (2d Cir. 2023) (ADEA); *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74–75 (2d Cir. 2016) (NYSHRL). Under the framework, a plaintiff must first establish a *prima facie* case of age discrimination by showing: "(1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012). "[O]nce a plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's action against the employee. If the employer does so, then the burden shifts back to the employee to show that the employer's articulated reason is pretext for discrimination." *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 86–87 (2d Cir. 2022).

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

We agree with the district court that Cohen has failed to establish a *prima facie* case of age discrimination because he did not show he experienced an adverse employment action. Cohen argues that he suffered an adverse employment action despite voluntarily withdrawing his job application because Callanan's remark about his age "tainted the employment process" and Arnot Health "was merely going through the motions" of the hiring process "in order to appear non-discriminatory" following her remark. Appellant Br. at 9. He argues that, under those circumstances, "it was futile" to proceed with the interview process and he therefore withdrew his application. *Id.* This Circuit has recognized, in an analogous type of situation, that "a plaintiff's failure to apply for a position is not a bar to relief when an employer's discriminatory practices deter application or make application a futile endeavor." *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1213 (2d Cir. 1993). Here, however, Cohen's assertion of futility is contradicted by his own testimony. Cohen testified at his deposition that he believed it was "highly likely" he would have been hired had he proceeded with the offered interview; that statement directly contradicts his claim that the hiring process was a sham. App'x at 365. Cohen "cannot argue that he would have been hired but for his withdrawal, yet also argue that he withdrew because he was certain he would not be hired." *Keshinover v. New York State Off. of Parks, Recreation and Historic Preservation*, 17-cv-4349, 2019 WL 5212235, at *10 (S.D.N.Y. Oct. 15, 2019).

Moreover, Cohen has offered no evidence that Arnot Health's actions made the interview process a futile endeavor. Cohen argues that Callanan's statement "tainted the employment process," but it is undisputed that Callanan was removed from the team working on his application and had no further role in the hiring process related to him. Cohen fails to show that there was any reason to believe that the individuals involved in his interview process shared Callanan's alleged discriminatory intent; he has admitted that he has no knowledge or reason to believe they harbored

4

any age-related discriminatory animus. The only remaining reason Cohen offers for why continuing with the hiring process would be futile is his perception that the interview itinerary that was proposed to him was less thorough than what he expected. This Court has recognized that "feelings and perceptions of being discriminated against are not evidence of discrimination." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999). That the interview itinerary did not meet his expectations, without anything more, is not evidence of discriminatory intent. Cohen points to other interview itineraries offered by Arnot Health to other candidates to confirm his intuition. But Arnot Health produced several itineraries that were similar to the one it offered to Cohen and that were prepared by the recruiter who was working with Cohen. Cohen does not contest that at least some candidates have been hired by Arnot Health after such an interview. Even viewing the competing evidence in the light most favorable to Cohen, he has not met his burden to demonstrate that the interview itinerary offered to him evinced discriminatory intent on behalf of Arnot Health. Accordingly, the district court properly found that Cohen did not suffer an adverse employment action and therefore failed to establish a *prima facie* case of age discrimination.

Because Cohen's claims against Arnot Health fail, so too does Cohen's claim against Callanan. *See Falbaum v. Pomerantz*, 19 F. App'x 10, 15 (2d Cir. 2001) (summary order) (affirming dismissal of NYSHRL age discrimination claims against the individual defendant and holding that "once an employer has been found to have not discriminated, there is no predicate for imposing [individual] liability . . . under an aiding and abetting theory"); *Murphy v. ERA United Realty*, 674 N.Y.S.2d 415, 417 (2d Dep't 1998) ("It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting.").

5

\* \* \*

We have considered Cohen's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court